### UNITED STATES v. RUSSEL et al.

### SAME v. ZAHN.

(District Court, E. D. Louisiana, New Orleans Division. May 29, 1920.)

#### Nos. 4673, 4677.

1. War ☞4, 33—Congress had power to enact amendment to Food Control Act, state of war still existing.

  The state of war still technically exists, and Congress had power to adopt Act Oct. 22, 1919, amending Act Aug. 10, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115⅛e–3115⅛kk, 3115⅛ℓ–3115⅛r), known as the Lever Act.

2. Criminal law ☞16—Food Control Act not void because of indefiniteness.

  The amendment of Lever Act Aug. 10, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115⅛e–3115⅛kk, 3115⅛ℓ–3115⅛r), by Act Oct. 22, 1919, making it unlawful to make an unreasonable charge for necessaries, is not void for indefiniteness because it does not specify the amount of profit allowable.

Charles H. Russel, Sr., and others and H. A. Zahn were indicted for violating the Lever Act by selling sugar at unjust and unreasonable rates. Demurrers to indictments overruled.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Nicholas Callan, Asst. U. S. Atty., of New Orleans, La.

W. J. & H. W. Waguespack, of New Orleans, La., for defendants.

FOSTER, District Judge. In these two cases the defendants are indicted for violating the Act of August 10, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115⅛e–3115⅛kk, 3115⅛l–3115⅛r), as amended by the Act of October 22, 1919 (41 Stat. 297), known as the Lever Act, by selling sugar at an unjust and unreasonable rate. The indictments are sufficient in form, if the law is constitutional, and not void for uncertainty.

[1] That Congress had the power to adopt the legislation and that the state of war still technically exists may be decided without discussion. Hamilton v. Kentucky Distilleries Co., 251 U. S. 146, 40 Sup. Ct. 106, 64 L. Ed. —— (decided by the Supreme Court December 15, 1919).

The demurrers are leveled principally at the uncertainty of the law. Various decisions of the federal courts are relied on by the defendants and the government as sustaining their contentions, but it will serve no good purpose to discuss or attempt to analyze them, as none are controlling in this jurisdiction.

Section 2 of the amendment, so far as it applies to this case, is as follows:

"That it is hereby made unlawful for any person willfully * * * to make any unjust or unreasonable rate or charge in handling or dealing in or with any necessaries."

[2] It is not contended that sugar is not a necessary, but it is urged that the provisions of the act are so vague and indefinite that they afford no guide for the safe conduct of business, and that it ought not to be left to the jury to say what is an unjust or unreasonable charge. There is nothing new in this kind of legislation. The crime of engrossing was known to the common law. Blackstone describes it as follows:

"Engrossing was also described to be the getting into one's possession, or buying up, large quantities of corn, or other dead victual, with intent to sell them again. This must, of course, be injurious to the public, by putting it in the power of one or two rich men to raise the price of provisions at their own discretion. And so the total engrossing of any other commodity, with intent to sell it at an unreasonable price, is an offense indictable and finable at the common law." Blackstone's Commentaries, book 4. page 158.

In adopting the Lever Act Congress had to deal with an extraordinary condition. In normal times the law of supply and demand is sufficient to prevent merchants from exacting excessive profits, but with the conditions brought about by the war, the embargo on imports, the diversion of labor to war work, and the consequent reduction in the production of all necessaries, those dealing in them, unless restrained by law, could very readily exact enormous profits to the detriment of the public.

It is safe to say that any fair-minded man knows when he is exacting an unreasonable profit. He has his pre-war standards to go

by, and even considering the changed conditions, which justify more profit, perhaps, than in normal times, he can still restrain himself within the bounds of fair dealing.

It is difficult to say how Congress could have adopted an act that would not be subject to meticulous objection. Had it attempted to fix a definite rate of profit, that necessarily would have involved long and tedious investigation, as each commodity would have had to be treated separately, and also different profits fixed for the various sections of the country, in order to be fair. If all this was done, the courts would still have had to consider whether or not the margins fixed by Congress were confiscatory.

In leaving the determination of the question of fact to the jury, Congress had acted wisely. The jury is the bulwark of Anglo-Saxon liberty, and it is not to be supposed that a jury of the vicinity will set up any arbitrary or unjust standard by which to measure the acts of those coming before it in a criminal case. The jury is constantly called upon to determine questions of fact, where the law is no more certain than in this case. It is the province of the jury to determine what is negligence, considering all the facts and circumstances of the case. The mail statutes forbid schemes to defraud and the sending of obscene literature. No hard and fast definition of either is attempted in the law. It may be well said that an ignorant, illiterate man might have no conception of the meaning of the word "obscene," and yet he may be convicted for violating the statute. No hard and fast definition is given of either adulteration or misbranding in the Pure Food Laws; no hard and fast definition is given of conspiracy in any of the laws prohibiting it; yet all of these statutes have been repeatedly upheld as constitutional and sufficiently definite to support prosecutions thereunder.

It seems to me that the Lever Act is sufficiently definite to afford a safe guide to the conduct of business, and that the jury can be trusted to try both the guilt and innocence of any person indicted for its violation.

The demurrers will be overruled.